IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN W. GURSKY,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                10-cv-113-slc[1]

DEPARTMENT OF CORRECTIONS,
NEW LISBON CORRECTIONAL INSTITUTION,
TIMOTHY LUNDQUIST, ANA BOATWRIGHT,
KENNETH LOBENSTEIN, LINDA FAITH,
D. BELLILE, PATRICIA JAMES, LARRY FUCHS,
GERALD KONITZER, P. KANNENBERG,
MILDRED PARISE, GARCEAU, SANDRA
HAUTANTAK, ISMAEL OZANN, NANCY WOOD,
TOM GOZINSKE, KAREN GOURLIE,
WELCOME ROSE, LIZZIE TEGELS,
KIM KANNENBERG, DEBRA LANCE,
CANDACE WARNER, AMY SMITH,
N. GANTHER, LT. GREEN, SHARON ZUNKER,
C.O. REYNOLDS, LAE and THYNE,[2]

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action under 42 U.S.C. § 1983 and state law, plaintiff Alan

Gursky, a prisoner at the New Lisbon Correctional Institution in New Lisbon, Wisconsin, has

---

[1] At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

[2] By its own motion, the court has corrected the spelling of some of the defendants' names.

1

alleged facts that would support as many as six lawsuits against numerous prison officials, alleging violations of the double jeopardy clause of the Fifth Amendment, the Eighth Amendment, the due process clause of the Fourteenth Amendment and Wisconsin defamation laws.  He also has requested leave to proceed in forma pauperis and has made the initial partial payment required of him under 28 U.S.C. § 1915.

Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff also is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed the proposed complaint, I conclude that plaintiff may not proceed at this time because he has failed to comply with the Federal Rules of Civil Procedure.  Accordingly, I am dismissing plaintiff's complaint without prejudice and giving him an opportunity to amend his complaint to correct the deficiencies.

## DISCUSSION

Plaintiff has violated the Federal Rules of Civil Procedure by trying to combine multiple lawsuits into one and not adequately alleging facts in support of all of his claims.

Under Rule 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978).

Although Rule 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants W, X, Y and Z and an unrelated lawsuit for personal injury against defendants A, X and Z. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss W and Y from the first lawsuit or he would have

to dismiss A from the second lawsuit. In this way, the same "core" of defendants (X and Z) is common to both claims.

Identifying the claims in this case is no easy task given the length of the complaint (64 pages including attachments) and the number of defendants. However, applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in as many as six different lawsuits:

- **Lawsuit #1, Programs**: Defendants Department of Corrections, Linda Faith, D. Bellile, James, Larry Fuchs, Gerald Konitzer, P. Kannenberg, Lae, Thyne, Garceau, Kenneth Lobenstein and Timothy Lundquist improperly required him to complete certain programs for sex offenders as a condition of his incarceration, resulting in his being punished twice for the same crime. These defendants also refused to transfer plaintiff to another institution unless he completed the treatment programs.

- **Lawsuit #2, Property:** After searching plaintiff's cell, defendant C.O. Reynolds destroyed plaintiff's magazines and damaged a tub of A&D ointment. Defendant John Doe, an inmate complaint examiner, failed to take action to when plaintiff complained. Plaintiff also is missing other personal property from his cell. Defendants Ana Boatright, Debra Lance, Ismael Ozanne, Tom Gozinske, Karen Gourlie were "involved." Defendants Boatright, Garceau, Ozanne, Patricia James, Gourle, Welcome Rose, Fuchs, Lizzie Tegels, Kim Kannenberg, P. Kannenberg and Lance always believe a staff member over an inmate in the complaint process.

- **Lawsuit #3, Defamation I**: Defendant Rachel, plaintiff's supervisor in the kitchen, falsely accused plaintiff of being a racist in his performance evaluation. Defendants Sandy Clemmerson and Fuchs refused to do anything about it.

- **Lawsuit #4, Forced Labor:** Defendant Boatright forces inmates to work for free as a form of punishment.

- **Lawsuit #5, Deliberate Indifference to Medical Needs:** Defendants Lt. Green and Candace Warner took away plaintiff's medical "black support band" against

4

      physician's orders while he was in segregation, causing him pain and suffering. Defendants N. Ganther and Sharon Zunker failed to intervene when plaintiff complained about this matter. Defendants Amy Smith and Boatright seek information only from staff members regarding complaints about an inmate's medical treatment.

- **Lawsuit #6, Defamation II:** Defendant Lobenstein falsely labeled plaintiff a "child molester" and forced him to undergo sex offender treatment. Defendant Lundquist took no action to stop this. Defendant Nancy Woods dismissed his complaint about this matter without investigating it.

      (I note that plaintiff may be able to combine Lawsuit #6 with Lawsuit #1 because it appears to involve some of the same core defendants.)

Plaintiff may notice that some of the defendants listed in his caption are not included in the list of claims. There are two reasons for this. First, the Wisconsin Department of Corrections and the New Lisbon Correctional Institution may not be sued under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989). Second, plaintiff failed to mention defendants Mildred Parise and Sandra Hautantak anywhere in the body of his complaint. It is well established that liability under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in the constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir. 1994); Morales v. Cadena, 825 F.2d 1095, 1101 (7th Cir. 1987).

Under George, I may apply the filing fee to only one of the lawsuits that I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

5

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to pursue each lawsuit separately. In that case, he will be required to pay a separate filing fee for each case he pursues. In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally without merit. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g). If plaintiff wishes to combine any of these lawsuits without paying multiple filing fees, he will have to dismiss the defendants who prevent him from complying with Rule 20. Alternatively, plaintiff may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so that plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8, which requires plaintiff to include in his complaint enough detail about what each defendant did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of his claims after he has an opportunity to fully investigate them. <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544, 555 (2007); Riley v. Vilsack, 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009). Once plaintiff identifies the suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

Finally, it appears that plaintiff may be seeking the appointment of counsel because he has submitted letters that he wrote to attorneys, seeking assistance with some of his claims. If that is a case, after plaintiff chooses the lawsuit or lawsuits he wishes to prosecute and I screen his complaint under §1915, he may file a motion for the appointment of counsel.

Accordingly, plaintiff may have until April 12, 2010 to file an amended complaint that complies with Rule 20. If plaintiff chooses to do this, he also should take care to comply with Rule 8. Merely stating that a particular defendant was "involved" in an incident is not enough to state a claim against that individual. Further, only allegations of fact, not statements that are mere conclusions, will be considered in determining whether plaintiff satisfies Rule 8. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). For example, general statements that certain defendants do not believe inmates or always side with staff members are not sufficient to support a claim of a constitutional violation under § 1983.

To be clear, plaintiff's proposed amended complaint should replace his original complaint. Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). In other words, plaintiff should start from scratch, including in his amended complaint all the allegations that he is relying on to support his claims. The Federal Rules of Civil Procedure do not allow multiple complaints in one case; a case may have one operative pleading only. Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005). The reason for such a rule is that if the "operative pleading" consists of multiple documents, it is too difficult to determine the scope of plaintiff's claims. To avoid ambiguity, the complaint must be complete in one document.

ORDER

IT IS ORDERED that

1. Plaintiff Alan Gursky may have until April 12, 2010 to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

2. Plaintiff may have until April 12, 2010, to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit that plaintiff advises the court he intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by April 12, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute it.

Entered this 30th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge