IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN W. GURSKY,

                      Plaintiff,                    OPINION AND ORDER

   v.

                                                  10-cv-113-slc[1]

DEPARTMENT OF CORRECTIONS,
NEW LISBON CORRECTIONAL INSTITUTION,
TIMOTHY LUNDQUIST, ANA BOATWRIGHT,
KENNETH LOBENSTEIN, LINDA FAIT,
D. BELLILE, PATRICIA JAMES, LARRY FUCHS,
GERALD KONITZER, P. KANNENBERG,
MILDRED PARISE, GARCEAU, SANDRA
HAUTANTAK, ISMAEL OZANN, NANCY WOOD,
TOM GOZINSKE, KAREN GOURLIE,
WELCOME ROSE, LIZZIE TEGELS,
KIM KANNENBERG, DEBRA LANCE,
CANDACE WARNER, AMY SMITH,
N. GANTHER, LT. GREEN, SHARON ZUNKER,
C.O. REYNOLDS, LAE and THYNE,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Alan Gursky has asserted several constitutional claims against several defendants. In an order entered on March 30, 2010, dkt. #5, I concluded that plaintiff's claims could not proceed in the same lawsuit under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20. I separated plaintiff's claims into six lawsuits and advised him that he would have to choose which of

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

the separate lawsuits he wanted to pursue in this case. Plaintiff has responded, stating that he will apply his $350 filing fee to lawsuits #1 and #6. In his initial complaint, plaintiff raised claims against defendants Department of Corrections, Linda Fait, D. Bellile, James, Larry Fuchs, Gerald Konitzer, P. Kannenberg, Lae, Thyne, Garceau, Kenneth Lobenstein and Timothy Lundquist regarding the requirement that he complete certain programs for sex offenders as a condition of his incarceration. I identified those claims as lawsuit #1. In what I identified as lawsuit #6, plaintiff raised defamation claims against defendants Lobenstein, Lundquist and Nancy Woods. Plaintiff has now submitted an amended complaint in which he appears to have combined the allegations relating to lawsuits ##1 and 6; dismissed defendants Department of Corrections, Kannenberg, Lae, Thyne and Garceau; and added defendants Rick Raemisch, Lizzie Tegets, Gerald Konitzer, S. Frodin, Rachel Perry, Kathryn Anderson, Richart Verhagen, Mildred Marx and Sandra Hautamaki (although he fails to make any specific allegations against most of these new defendants). Plaintiff also states that he wishes to pursue his defamation claim in lawsuit #3 against defendants Sandy Clemmerson and Fuchs and has submitted a separate complaint addressing that claim. Finally, plaintiff seeks to dismiss his claims in lawsuits #2 (confiscation of property), #4 (forced labor) and #5 (deliberate indifference).

    Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny plaintiff leave to proceed if his complaint is legally frivolous, malicious, fails

2

to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing plaintiff's amended complaint regarding lawsuits ##1 and 6, I conclude that he may not proceed on his claims that defendants violated his rights under the double jeopardy clause of the Fifth Amendment or the due process clause of the Fourteenth Amendment. Because I am denying plaintiff leave to proceed on his federal claims, I decline to exercise supplemental jurisdiction over his state law defamation claims. Although I assume that plaintiff wishes to pursue lawsuit #3 in a separate case, he has not submitted an additional initial partial payment of his filing fee. Therefore, I cannot screen that complaint at this time. Finally, pursuant to plaintiff's request, I will dismiss the claims in lawsuits ##2, 4 and 5 without prejudice.

From the amended complaint, the documents attached to it and state court documents available electronically, I find that plaintiff has alleged the following facts.

ALLEGATIONS OF FACT

Plaintiff Alan Gursky is incarcerated at the New Lisbon Correctional Institution, serving two consecutive 26-year sentences following his 1997 convictions in the Circuit

3

Court for Outagamie County for battery, attempted kidnapping, robbery by force and operating a vehicle without the owner's consent.  Wisconsin Circuit Court Access, http://wccawicourts.gov, Outagamie County Case No. 1996 CF 359 (visited May 28, 2010). Although plaintiff had been charged with second-degree sexual assault in conjunction with those crimes, that charge was dismissed.  Following his convictions, plaintiff was listed on the sex offender registry by mistake.  After plaintiff notified defendant Department of Corrections of this fact in March 2006, it removed him from the registry.  Plaintiff was convicted of third-degree sexual assault of an adult woman in 1985, but he since has served his sentence for that offense.  Plaintiff has never committed a crime against a child.

In 2006, defendants Kenneth Lobenstein, plaintiff's social worker, and Timothy Lundquist, the former warden of the New Lisbon Correctional Institution, refused to allow plaintiff's minor niece to visit plaintiff because they believed that it would hinder plaintiff's rehabilitation and reintegration into the community.  Plaintiff filed internal complaints about this matter in March, April and May 2006, stating that the decision was based on the mistaken belief that he had been convicted of a sexual offense against a minor.

Plaintiff also filed several internal complaints from March to May 2006, asserting that he should not be required to complete sex offender treatment programs.  (Some of the documents attached to the amended complaint indicate that plaintiff may have complained about the requirement of sex offender treatment as early as 2004.)  In a letter dated August

4

15, 2006, plaintiff asked defendant Linda Fait, an offender classification specialist, to remove the condition that he complete sex offender treatment.  Fait responded in a letter dated August 25, 2006, stating that the assessment and evaluation staff at the Dodge Correctional Institution had determined that he was in need of sex offender treatment and that his progress would be monitored by the program review committee.

OPINION

As an initial matter, I note that like plaintiff's original proposed complaint, his proposed amended complaint appears to assert unrelated claims against different sets of defendants in the same lawsuit.  Defendant has alleged § 1983 claims against several defendants, including Kenneth Lobenstein and Timothy Lundquist, and has brought a state law defamation claim against defendants Lobenstein, Lundquist and Nancy Woods.  Because defendant Woods is not one of the "core" defendants in the § 1983 action, the proposed amended complaint violates Fed. R. Civ. P. 18 and 20.  However, it would be a waste of time to require plaintiff to submit a second amended complaint to remedy this violation because I find that the facts alleged in the amended complaint fail to state a claim under § 1983 and am declining to exercise supplemental jurisdiction over the state law defamation claim.

I understand plaintiff to be raising three challenges to the sex offender treatment program required of him at the New Lisbon Correctional Institution.  First, he contends that

5

requiring him to undergo sex offender treatment imposes an additional punishment for his 1985 conviction, for which he already was punished, thereby violating the double jeopardy clause of the Fifth Amendment. Second, he contends that he has a liberty interest under the due process clause in not being classified as a sex offender and forced to participate in a sex offender treatment program. Finally, he asserts that it was defamatory for defendants to label him a sex offender when he was not serving time for a sexual offense.

### A. Double Jeopardy

The double jeopardy clause of the Fifth Amendment protects individuals against three types of violations: being prosecuted again for the same conduct after an acquittal; being prosecuted for the same crime after conviction; and being subjected to multiple punishments for the same crime. Garrity v. Fiedler, 41 F.3d 1150, 1151-52 (7th Cir. 1994) (citing United States v. Halper, 490 U.S. 435, 440 (1989)). Plaintiff asserts that defendants committed the third type of violation by requiring him to undergo sex offender treatment. However, the United States Supreme Court has held that the scope of the double jeopardy clause is limited to criminal prosecutions. Breed v. Jones, 421 U.S. 519, 528 (1975) (application of double jeopardy clause limited to proceedings that are "essentially criminal"); Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (prison disciplinary proceedings are not part of criminal prosecution). The Court of Appeals for the Seventh Circuit and every other

6

circuit addressing the issue has held that prison discipline does not constitute "prosecution" for double jeopardy purposes, even if it delays release from incarceration or results in parole revocation. Garrity, 41 F.3d at 1152-53 (summarizing cases from other circuits). Similarly, changes in the conditions of incarceration, such as placement in segregation and the extension of an inmate's mandatory release date, do not constitute a second punishments for the original offense because punishment is not their primary purpose. Id. at 1152 (citing Ralston v. Robinson, 454 U.S. 201, 220 n. 14 (1981)). In Ralston, the Supreme Court explained in dicta that there is no double jeopardy problem when "the offender has, by his own actions, triggered the condition that permits appropriate modification of the terms of confinement." Ralston, 454 U.S. at 220 n. 14.

In this case, defendants did not require plaintiff to undergo sex offender treatment as a punishment for his previous sex offenses but instead based their decision on their assessment of plaintiff's need for treatment and likelihood of committing future sex offenses. United States v. Sines, 303 F.3d 793, 801 (7th Cir. 2002) (finding same with respect to requirement for sex offender treatment as condition of supervised release from sentences for bank and mail fraud); see also Wirsching v. Colorado, 360 F.3d 1191, 1205 (10th Cir. 2004) (holding that loss of visitation with minor child as consequence of failure to participate in sex offender treatment program did not implicate double jeopardy concerns). "It is common for persons entering prison to have an evaluation of the reasons for their

7

criminal behavior and their treatment needs, for the resulting evaluations to be recorded in their records and for the authorities who make programming and parole decisions to base their decisions in whole or in part on their sense of the effort a particular inmate has made to confront the problems that have been identified as contributing to his criminal conduct." Jones v. Puckett, 160 F. Supp. 2d 1016, 1023 (W.D. Wis. 2001). In other words, defendants' classification of plaintiff as a sex offender was not a judicial proceeding designed to punish him for the violation of a criminal law. United States v. Hanahan, 798 F.2d 187, 189-90 (7th Cir. 1986) (finding that parole revocation proceeding is administrative proceeding designed to determine whether parolee violated conditions of parole and not proceeding designed to punish criminal defendant for violation of criminal law). To say otherwise would interfere with prison officials' ability to make decisions "regarding questions of prison administration and discipline." Garrity, 41 F.3d at 1153. Because plaintiff's allegations fail to state a double jeopardy claim, he will be denied leave to proceed on that claim against any defendant.

B. Due Process

A due process violation occurs under the Fourteenth Amendment when a state actor deprives an individual of a protected liberty or property interest without providing adequate process. The first question in any due process analysis is whether a protected liberty or

8

property interest has been infringed. In the prison context, liberty interests can be created by state law or by the due process clause itself. Thielman v. Leean, 282 F.3d 478, 480 (7th Cir. 2002). A liberty interest arises under the due process clause when an inmate is subjected to a condition of confinement or restraint that essentially exceeds the inmate's sentence. Sandin v. Conner, 515 U.S. 472, 484 (1995); Washington v. Harper, 494 U.S. 210 (1990) (due process clause protects inmates from involuntary administration of psychotropic drugs); Vitek v. Jones, 445 U.S. 480 (1980) (liberty interest arises when inmate is transferred to mental hospital and subjected to mandatory treatment). State law or prison regulations give rise to liberty interests when they impose "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Regardless of the source of the protected interest, the focus is on the severity of the deprivation suffered by the inmate. Lekas v. Briley, 405 F.3d 602, 607 (7th Cir. 2005).

In this case, plaintiff has alleged two deprivations that might give rise to a liberty interest. First, plaintiff appears to contend that he has a liberty interest in avoiding being labeled as a sex offender. Although the "sex offender" tag undoubtedly carries a stigma, it is clear that merely classifying an inmate as a sex offender is insufficient to give rise to a liberty interest. Townsend v. Vallas, 256 F.3d 661, 669 (7th Cir. 2001) (citing Paul v. Davis, 424 U.S. 693, 708-10 (1976)) (to give rise to liberty interest, harm inflicted to

9

reputation must be coupled with change in legal status); <u>Pettigrew v. Frank</u>, Case No. 07-cv-690-bbc, 2008 WL 2610095, *1 (W.D. Wis. Feb. 22, 2008); <u>Grennier v. Frank</u>, Case No. 05-cv-81-bbc, 2005 WL 2076432, *2 (W.D. Wis. Aug. 25, 2005). Second, I understand plaintiff to contend that he has a liberty interest in not being forced to participate in a sex offender treatment program. In <u>Jones</u>, 160 F. Supp. 2d at 1023, I concluded that these burdens were insufficient to give rise to a liberty interest:

> Because [evaluation of an inmate's criminal behavior and treatment needs] is [a] common procedure, plaintiff cannot argue that his evaluation and identification as a person in need of sex offender treatment is the "atypical and significant hardship on the inmate" that creates a liberty interest. <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ("[Liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

In sum, no matter how plaintiff's allegations are viewed, he fails to state a claim that his Fourteenth Amendment due process rights have been violated.

### C. Defamation

Plaintiff alleges that defendant Lobenstein falsely labeled him a "child molester" and forced him to undergo sex offender treatment, that defendant Lundquist failed to intervene and that defendant Woods dismissed his complaint about this matter without investigating

10

it. Because I am denying plaintiff leave to proceed on his federal claims, I will decline to exercise supplemental jurisdiction over his state law defamation claims. If plaintiff wishes to pursue these claims, he is free to do so in state court.

### D. Lawsuit #3

Plaintiff states that he wishes to proceed with the claims identified as "lawsuit #3" in a new action severed from this one. However, because those claims are state law defamation claims against defendants Sandy Clemmerson and Larry Fuchs, this court does not have jurisdiction to consider them in a stand-alone complaint. To the extent that plaintiff's response to the court's March 30, 2010 order contains a motion to sever lawsuit #3 from this action and proceed under a new case number, that motion is denied. If plaintiff wishes to pursue these claims, he may do so in state court.

### ORDER

IT IS ORDERED that

1. Plaintiff Alan Gursky's request to proceed in forma pauperis on his double jeopardy and due process claims is DENIED for failure to state a claim.

2. Because I am dismissing plaintiff's federal law claims, I decline to exercise supplemental jurisdiction over his state law claims. This case is DISMISSED.

11

3. Plaintiff's motion to sever "lawsuit #3" from this action and proceed with the claims in that suit under a new case number, dkt. #6, is DENIED.

4. The unpaid balance of plaintiff's filing fee is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2).

5. A strike will be recorded against plaintiff pursuant to § 1915(g) because one or more of his claims was dismissed for one of the reasons enumerated in § 1915(g).

6. The clerk of court is directed to close the file.

Entered this 15th day of June, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge